IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

SIX DIMENSIONS, INC.,                )
                                     )
              *Plaintiff*,           )
                                     )
v.                                   )        Case No. 4:17-CV-02680
                                     )
PERFICIENT, INC. and                 )
LYNN M. BRADING,                     )
                                     )
              *Defendants*.          )

## JOINT PRETRIAL ORDER

1.   **APPEARANCE OF COUNSEL.**

*For Plaintiff Six Dimensions, Inc.*

John P. Bostany
The Bostany Law Firm PLLC
3 World Financial Center, 24th Floor
New York, New York 10281

*For Defendants Perficient, Inc. and Lynn M. Brading*

Adam D. Hirtz, SDTX #3209507
Jackson Lewis P.C.
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
(314) 746-4809
Fax (314) 746-4848
adam.hirtz@jacksonlewis.com

Patrick S. Richter (State Bar No. 00791524)
Jackson Lewis P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701

(512) 362-7100
Fax (512) 362-5574
patrick.richter@jacksonlewis.com

Robert D. Shank (admitted pro hac vice)
Jackson Lewis P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 898-0050
Fax (513) 898-0051robert.shank@jacksonlewis.com

## 2.   **STIPULATED FACTS**

*See* Parties' Stipulated Facts, attached as **Exhibit 1**.

## 3.   **STATEMENT OF THE CASE BY EACH PARTY**.

It is Plaintiff's contention that upon joining Perficient, Inc. in June of 2015,
Lynn Brading began violating the agreements that she had entered into with the
Plaintiff Six Dimensions.  In or around August of 2014, Ms. Brading had promised
in a contract that she signed with Six Dimensions as a condition to her employment,
that she would not share confidential information with anyone after her separation
from the company, that she would not seek to persuade anyone to resign from the
Plaintiff, and that she would not seek to persuade anyone to join another company.
Part of the August 2014 agreement was a form called a Termination Certificate.
Prior to her employment, and as a condition thereto, Ms. Brading agreed to the terms
contained in the Termination Certificate and agreed to execute it as a reminder upon
her separation from the company.  In June of 2015, upon her separation from the

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 3 of 15

Plaintiff, Ms. Brading executed the Termination Certificate. Almost immediately thereafter, Ms. Brading began to breach almost every single term contained in the agreements that she made with the Plaintiff. She began aggressively trying to convince Plaintiff's workers to resign from the Plaintiff's employ, beginning in June of 2015 and continuing until at least November of 2015. She began sharing confidential information with her new employer, Perficient, Inc. including the salaries the Plaintiff's workers, their skill sets, their competence, their placements on accounts, and their ability to assist Perficient, Inc. with staffing and leading the digital experience group that Perficient, Inc. was desperate to get off the ground as quickly as possible. Perficient, Inc. at the time, was changing its business from a traditional hardware/networking technical company to the kind of business that Plaintiff was doing, "digital marketing", where a company would offer enhanced internet advertising via websites and other attractive designs and aesthetics that are available for viewing via the internet. The transition from technology repair to marketing was dramatic and required trained professionals that were not employed by Perficient, Inc. but were employed by other companies, namely Six Dimensions, Inc., which was a leader in the field. Plaintiff contends that Perficient, Inc. utilized unfair methods and engaged in a conspiracy with Brading to persuade Brading to violate the terms of her contract so that they can siphon information from Brading

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 4 of 15

concerning Plaintiff's trade secrets and utilize Brading to solicit her former co-workers to resign from the Plaintiff and join Perficient, Inc.

Defendants deny Plaintiff's allegations. Defendants maintain that the contract between Brading and Six Dimensions is unenforceable under applicable law; that there is no proof of causation for any of Six Dimensions' claimed damages; and that no copyright infringement, misappropriation of trade secrets, unlawful interference, or unfair competition has occurred.

## 4.   JURISDICTION.

This Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff and Defendants are citizens of diverse jurisdictions and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## 5.   PENDING MOTIONS.

Motions for Summary Judgment filed by Defendants on October 30, 2018 [Doc. 102] and Partial Summary Judgment filed by Plaintiff on October 30, 2018 [Dkt. 104] are pending with the Court.

## 6.   THE PARTIES' CONTENTIONS.

### A.   *Plaintiff's Contentions*

Defendants desperately needed expertise to staff the DEG that they forecasted to be enormously profitable for them as it was for many companies in the market in 2015.  At the time, Perficient, Inc.'s business was centered around technical repair

of hardware and the like, while the industry was moving into digital marketing. The most successful companies had successful digital marketing divisions, such as the Plaintiff Six Dimensions, Inc.

In order for any companies DEG to be successful, expertise was needed. Perficient, Inc. sought to short circuit traditional hiring practices so that they can gain expertise for their DEG at a much more rapid pace and save the cost of traditional recruiting and training. To do this, they sought the assistance of Plaintiff's former employee Lynn Brading, who Perficient had employed in June of 2015.

Beginning immediately following her employment with Perficient, Inc. in June of 2015, Brading began aggressively soliciting Plaintiff's digital experience experts. Brading worked with Perficient, Inc.'s chief DEG recruiting person (Jeanette Gomez). Together, they successfully recruited seven of the Plaintiff's key digital experience personnel prior to a federal injunction being signed in October of 2015. The Extracted Workers, as they are identified in the Amended Complaint, became leaders in Perficient, Inc.'s DEG, which Perficient, Inc.'s Vice President, brags became by far the leading division in the Company very quickly. Much of the solicitation took place via text messaging on personal cell phones.

Brading breached her contract with the Plaintiff in three respects, by sharing Confidential Information with Perficient and by Soliciting her co-workers to joing

JOINT PRETRIAL ORDER                                                            PAGE 5

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 6 of 15

Perficient, Inc. and by Disparaging Six Dimensions. Brading then spoiled evidence that would have further supported not only the breach of contract but the claims that Perficient Misappropriated Trade Secrets and Tortiously Interfered.

Perficient infringed upon the Plaintiff's Copyright to the Apache Sling.

The Klco testimony demonstrates that prior to leaving the employ of Plaintiff on or about October of 2018, he copied the images, text, and codes that are present in the copyrighted work onto his personal laptop (Amended Complaint 146).

Nineteen days after becoming employed by Perficient, Inc., with the permission and consent of Perficient, Inc. and on behalf of Perficient, Inc., Klco published a substantially similar copy of the copyrighted work onto Perficient's website. Amended Complaint 147-150.

The copyrighted work (Exhibits A and B) is a computer solution that enhances the reputation and revenue for any company for which he publishes or published the article. The Copyright consists of the text and illustrations selected by Klco to be captured and published in the article. Klco spent hundreds of hours while employed by Plaintiff preparing the copyrighted work and selecting the images contained therein. After Klco joined Defendant, he selected the same images when he republished the copyright work for the Defendant, devoting a mere additional 30 minutes to the entire drafting and insertion of images into **Exhibit C**.

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 7 of 15

Perficient, Inc. capitalized on the creative work performed at great expense to the Plaintiff by republishing a substantially similar work on its website. In this way, the public was led to believe and will likely continue to believe that Perficient, Inc. is the author of the work. Amended Complaint 151, 153-155.

Klco testified that he was intimately aware that there was a possibility that he was willfully infringing upon the Plaintiff and believed that if he copied the image from another source (rather than the image that he saved to his personal laptop while he was working for the Plaintiff) that he could avoid a finding of infringement. It is respectfully submitted that the copyrighted work covers the selection, organization and layout of the images that are contained in the copyrighted work and Defendant cannot avoid copying by Klco's recapturing the same or similar images from the same source where he got them to begin with.

Perficient's access to the copyrighted images is demonstrated by its employ of Klco, who was the person that created the images for Plaintiff. Klco's pilfering of the images from Plaintiff is unnecessary to make out a claim for copyright infringement. It is enough that the copyright work is an original work created while Klco was employed by the Plaintiff and a substantially similar copy was published by Perficient. Indeed Klco published it for Perficient just nineteen days after became a Perficient employee. Even if the Defendant did not solicit Klco or engage in wrongful activity to use confidential information to acquire Klco and encourage

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 8 of 15

others to solicit him, Defendant would still be liable for copyright infringement as it published an original work without consent of the copyright owner.

Perficient Misappropriated Trade Secrets from the Plaintiff, Tortiously interfered with Contracts that the Extracted Workers had with the Plaintiff and Tortiously interfered with the Economic Benefit that the Extracted Workers would have provided to the Plaintiff and Unfairly Competed with the Plaintiff and was Unjustly Enriched.

### B.   *Defendants' Contentions*

1.   In August 2014, Six Dimensions hired Lynn Brading as a Corporate Partnership Manager.   Throughout her employment with Six Dimensions, Brading was an at-will employee.

2.   Six Dimensions required Brading to sign a Confidential Information and Invention Assignment Agreement ("Agreement") which it emailed to Brading from its California corporate headquarters.  The Agreement expressly states that Six Dimensions was a California corporation at that time.  Six Dimensions' California HR employee signed the Agreement on behalf of Perficient.

Case 4:17-cv-02680 Document 130 Filed in TXSD on 12/20/18 Page 9 of 15

3.      The Agreement contains three key provisions: (1) a 2-year post-termination employee nonhire provision; (2) a 2-year post-termination customer nonsolicitation provision; and (3) a California choice of law provision.[1]

4.      Six Dimensions chose California law because that is where Six Dimensions was incorporated and where it was originally located. California is

---

[1] Those provisions specifically provide as follows:

8.      **Solicitation of Employees, Consultants, Customers and Suppliers**

(a)      During the term of my Relationship with the Company and for a period of two (2) years after the termination of my Relationship for any reason (whether voluntary or involuntary), I will not, directly or indirectly, solicit, recruit or hire any employee or consultant of the Company to work for a third party other than the Company or assist any third party, person or entity to solicit, recruit, or hire any employee or consultant of the Company, or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the Company.

(b) During the term of my Relationship with the Company and for a period of two (2) years after the termination of my Relationship for any reason (whether voluntary or involuntary), I will not, directly or indirectly, solicit, entice or induce any Customer or Supplier (as defined below) of the Company to become a Customer or Supplier of any other person or entity engaged in any activity competitive with the Company or its affiliates, or to cease doing business or reduce its business with the Company or its affiliates, and I will not assist any person or entity in taking any such action.

. . .

10.    **General Provisions.**

(a)      **Governing Law.** The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of California, without giving effect to the principles of conflict of laws.

where Six Dimensions' corporate headquarters were located from the time the office opened until sometime in 2018.

5.      On June 10, 2015, Brading resigned from her employment with Six Dimensions.  Six Dimensions cannot identify any company documents or property that Brading took with her when she left.

6.      2015 was a chaotic year for employees at Six Dimensions.  The Securities and Exchange Commission ("SEC") indicted Benjamin Wey, a large investor in Six Dimensions, for fraud.  In the second half of 2015, three separate securities-related lawsuits were filed against Six Dimensions alleging that Six Dimensions made material misrepresentations concerning Mr. Wey.  At least one of those lawsuits was a putative class action complaint on behalf of Six Dimensions' stockholders.  Three members of Six Dimensions' Board of Directors resigned from Six Dimensions in the Fall of 2015 also.

7.      In November 2015, Six Dimensions received notice from NASDAQ that its common stock would be delisted.  According to Six Dimensions, NASDAQ's delisting caused Six Dimensions irreparable harm and "killed hundreds of American jobs [and] ruined a promising American technology company . . ." Further according to Six Dimensions, its alleged losses "would not have occurred or surfaced if it wasn't for NASDAQ wrongfully delisting the company based on fabrications and intentionally causing irreparable harm."

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 11 of 15

8.     In addition to Brading, six other individuals resigned their jobs at Six Dimensions and went to work for Perficient in 2015: Nicholas Whittenburg, Eddie Yao, Dan Klco, Ryan McCullough, Aaron Price, and Matt Shields.   One other individual was terminated by Six Dimensions and went to work for Perficient in 2015: Sothea Nim.   These seven individuals are referred to as the "Former 6D Employees."   All of the Former 6D Employees were employees at will during their employment with Six Dimensions.

9.     The Former 6D Employees left Six Dimensions for various reasons, none of which were because of communications with Brading.   For example, McCullough's reasons for leaving Six Dimensions included issues of trust in the executive leadership/direction and uncertainty due to the lawsuits filed against Six Dimensions.[2]

10.     Jeanette Gomez was one of Perficient's recruiters.  Gomez recruited the Former 6D Employees to come work for Perficient.

11.     Brading provided Gomez the names of individuals who she (*i.e.,* Brading) worked with while at Six Dimensions, and the links to the LinkedIn profiles of certain individuals.  Six Dimensions admits that "personal [ ] e-mail address, telephone number or contact information on Linked In" is public information that is

---

[2]  Each of the Former 6D Employees also signed agreements with Six Dimensions containing employee nonhire provisions, customer nonsolicitation provisions, and California law provisions. These agreements are also void and unenforceable under California law.

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 12 of 15

not confidential.  Brading did not provide any Six Dimensions' trade secrets (if it has any) to Gomez to recruit the Former 6D Employees.

12.    Perficient hired McCullough in November 2015. In June 2015, months before Perficient hired McCullough, it started work on a project for a customer, Medtronic, pursuant to a Statement of Work.  Perficient has worked with Medtronic since at least 2012.

13.    While employed by Six Dimensions. McCullough had worked on a project for Medtronic to maintain and update Medtronic's existing web site. It involved programming and code work, code that is owned by Medtronic, not Six Dimensions.

14.    The project McCullough worked on after Perficient hired him was an entirely different one—one to develop a brand new Medtronic website. Perficient started from scratch on developing the brand new Medtronic web site.  McCullough does not believe he used any of the contributions to the Medtronic-owned code base after he left Six Dimensions and joined Perficient.

15.    Dan Klco wrote a blog post while employed by Six Dimensions that was on the Internet (and remains on the Internet today). One of the blog posts that he wrote described how users could utilize an Apache Sling tool.

16.    After Perficient hired Klco, he published an article about the same general Apache Sling topic. This was newly-authored by Klco and contained

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 13 of 15

different images; he did not re-publish the Six Dimensions blog post; he did not copy or "paste" anything from the Six Dimensions blog post.  Instead, at Perficient, he opened up the application with the new version of Adobe Experience Manager and took a new screen shot of the images contained in the Perficient blog post.

17.      There are many flaws with Plaintiff's alleged damage calculations, each and all of which make them unreliable, speculative and patently excessive.

## 7.    EXHIBITS

The Parties will submit their exhibit lists and exchange exhibits on or before December 28, 2018 pursuant to the Court's Order.

## 8.    WITNESSES.

*See* Plaintiff's Witness List attached as **Exhibit 2**.

*See* Defendants' Witness List attached as **Exhibit 3**.

## 9.    TRIAL.

The Parties anticipate that this trial will require four days.

## 10.    ADDITIONAL REQUIRED ATTACHMENTS.

### A.    Proposed questions for voir dire examination

*See* Joint Proposed Voir Dire Questions attached as **Exhibit 5**.[3]

### B.    Proposed jury instructions and interrogatories

*See* Joint Proposed Jury Charge attached as **Exhibit 6.**

---

[3]      Exhibit 4 was intentionally omitted.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

**APPROVED:**

| | |
|---|---|
| /s/ *John P. Bostany* | /s/ *Patrick S. Richter* |
| John P. Bostany | Adam D. Hirtz, SDTX #3209507 |
| The Bostany Law Firm PLLC | Jackson Lewis P.C. |
| 3 World Financial Center, 24th Floor | 222 South Central Avenue, Suite 900 |
| New York, New York 10281 | St. Louis, Missouri 63105 |
| *For Plaintiff Six Dimensions, Inc.* | (314) 746-4809 |
| | Fax (314) 746-4848 |
| | adam.hirtz@jacksonlewis.com |

Patrick S. Richter (State Bar No.
00791524)
Jackson Lewis P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
(512) 362-7100
Fax (512) 362-5574
patrick.richter@jacksonlewis.com

Robert D. Shank (admitted pro hac
vice)
Jackson Lewis P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 898-0050
Fax (513) 898-
0051robert.shank@jacksonlewis.com
*For Defendants Perficient, Inc. and
Lynn M. Brading*

JOINT PRETRIAL ORDER                                    PAGE 15

Case 4:17-cv-02680   Document 130   Filed in TXSD on 12/20/18   Page 14 of 15

### C.   Expert Witness qualifications

*See* Plaintiff's expert witness CV attached as **Exhibit 7**.

*See* Defendants' expert witness CV attached as **Exhibit 8**.

### D.   Pretrial Brief or Memorandum of Law

Plaintiff will file its Pretrial Brief separately.

*See* Defendants' Pretrial Brief attached as **Exhibit 10**.[4]

---

[4]   Exhibit 9 was intentionally omitted.

 .12/21/18

DAVID HITTNER
UNITED STATES DISTRICT JUDGE

**APPROVED:**

| | |
|---|---|
| /s/ John P. Bostany | /s/ Patrick S. Richter |
| John P. Bostany | Adam D. Hirtz, SDTX #3209507 |
| The Bostany Law Firm PLLC | Jackson Lewis P.C. |
| 3 World Financial Center, 24th Floor | 222 South Central Avenue, Suite 900 |
| New York, New York 10281 | St. Louis, Missouri 63105 |
| *For Plaintiff Six Dimensions, Inc.* | (314) 746-4809 |
| | Fax (314) 746-4848 |
| | adam.hirtz@jacksonlewis.com |

Patrick S. Richter (State Bar No. 00791524)
Jackson Lewis P.C.
816 Congress Avenue, Suite 1530
Austin, Texas 78701
(512) 362-7100
Fax (512) 362-5574
patrick.richter@jacksonlewis.com

Robert D. Shank (admitted pro hac vice)
Jackson Lewis P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
(513) 898-0050
Fax (513) 898-0051robert.shank@jacksonlewis.com
*For Defendants Perficient, Inc. and Lynn M. Brading*

<u>**JOINT PRETRIAL ORDER**</u>                                                                **PAGE 15**