UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

-----------------------------------------------------------------X
SIX DIMENSIONS, INC.,

                                               Civil Action No.:4:17-CV-02680

                Plaintiff,

- against -

PERFICIENT, INC. and LYNN M. BRADING,

                Defendants.
-----------------------------------------------------------------X

## APPEAL OF MAGISTRATE'S DECEMBER 14, 2018 ORDER

      Plaintiff respectfully submits this appeal of the Magistrate's December 14, 2018 ruling which denied sanctions with respect to Brading's destruction of evidence. Plaintiffseeks either the striking of the Answer; Preclusion from Opposing Plaintiff's claims relative to the breach of contract, TUTSA and Tortious Interference Claims; Spoliation of Evidence instruction as well as an award of fees.

      Plaintiff originally sought sanctions with respect to both Defendants in a Motion filed under Docket No. 103. The Court's Order [Dkt. 127] denies Sanction as to Defendant Brading. With respect to the relief sought against Perficient, Inc., Plaintiff was granted an opportunity to first re-subpoena Gomez' text messages and Perficient was re-ordered to supply them..

1

> A district court may modify or set aside a magistrate judge's ruling regarding nondispositive pretrial motions only if the ruling is "clearly erroneous or contrary to law." *See* Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law.")

*Southard v. United Regional Health Care System, Inc.*, 2008 WL 5049299, at *4 (N.D.Tex. 2008)

### **It was Clearly Erroneous and Contrary to Law for the Magistrate to denyin the Motion relating to Defendant Brading's Destruction of Evidence**

A copy of the Plaintiff's Motion [Dkt 103] without exhibits is respectfully annexed hereto for the court's convenience as **Exhibit 1**. Brading's Opposition and Plaintiff's Reply without exhibits are respectfully annexed as **Exhibits 2** and **3** respectively. The Magistrate's December 14, 2018 Order is respectfully annexed as **Exhibit 4**.

The timeline of the text message requests, disappearance of the phone that stored them, and Brading's disclosure of the disposal of the phone are as follows:

> **November 6, 2015**: In the New York Federal Action Plaintiff requests two categories of text messages from Brading (RFP 2 text messages "to or from individuals that currently work for or at one time worked for Dimensions; and RFP 3 "text messages sent or received from anyone that concerns the hiring or discussion pertaining to the hiring of any individual that currently works for or at one time worked for Dimensions"). A copy of the New York

2

Action Operative Pleading is on our Docket as 103-1. A copy of the November 6, 2015 RFP's [Filed as Dkt. No. 71-2 and 103-2] is annexed hereto as **Exhibit 5**.

**January-April of 2016**: Brading submits several applications for a "Stay" of Brading's obligation to respond to the RFP's. *See e.g*. Letter from Brading's Counsel dated April 5, 2015. Dkt. 103-3.

**April 13, 2016**: Order by Judge Gardephe staying the discovery requests [Dkt 111-5].

**April 2016**: Brading disposes of cell phone according to her testimony on June 13, 2018. Actual day in April of 2016 was not established.

**March 28, 2017**: New York Action is dismissed on venue grounds.

**September 5, 2017**: Texas Federal Action is commenced.

**December 1, 2017**: RFP's served on Brading seeking the same text messages sought in the November 6, 2015 RFP's. [Dkt. No. 62-5]. A copy of the November 1, 2017 RFP's [Dkt. 66-5] is respectfully annexed hereto as **Exhibit 6**.

**February 23, 2018:** Brading produces some text messages in response to the November 1, 2017 RFP's.

3

**June 13, 2018**:  Brading testifies that she disposed of the cell phone in April of 2016. [Brading 178:10-16].  A copy of the Brading Transcript is located at Dkt. No. 96-2.

She took snapshots of certain messages before disposing of it:

```
·1· · · · ·Q.· ·So you're testifying you
·2· ·downloaded these from your cell phone?
·3· · · · ·A.· ·I snapshoted them, took a screen
·4· ·shot, and then emailed them to myself.
·5· · · · ·Q.· ·And what criteria did you use to
·6· ·do that?
·7· · · · ·A.· ·Any communication between people
·8· ·from 6D and myself.
```

Brading Transcript 152:1-8 (emphasis supplied).

**July of 2018**:  Discussions between counsel to resolve the text message issue are not successful.  *See e.g.* sample emails at Dkt. No. 66-4 and 62-2.

**August 27, 2018**:  The court is advised that it appears that text messages have been spoiled by Brading and that Brading's counsels' promises to search for them are ongoing.  Dkt. No. 66.

**September 21, 2018**:  At a Hearing before Magistrate Bray, the Court inquires as to the whereabouts of the Brading phone.  Brading's counsel confirms that the phone was disposed of.

```
THE COURT: So, let me just ask, what happened to the
23 phone, Ms. Brading's phone?
```

> 24 MR. SHANK: Judge, this is Rob Shank on behalf
> 25 of Perficient. So what happened to the phone is
> 1 Ms. Brading had an Apple phone. In 2016 she got rid of
> 2 her Apple phone and her testimony under oath in her
> 3 deposition was that she screen shotted all
> 4 communications that she had with anybody from '16 and
> 5 saved via screen shot those text messages. Those text
> 6 messages have been produced and I think, Your Honor,
> 7 it's the vast majority of the text messages.

Hearing Sept. 21, 2018 Transcript 5:24-6:7 [Dkt. No. 103-4].

Magistrate Bray instructs Brading's counsel to attempt to locate them via inquiry/subpoena of the recipients.

Hearing Sept. 21, 2018 Transcript 9:4-7.

**October 2018**: Brading's counsel advises its inquiries of Klco, McCullough, Price and Nim did not produce any text messages.

Two categories of text messages have been incompletely produced: (1) the text messages between Brading and the former employees; and (2) the text messages with anyone (i.e. Gomez and Sumner). See RFP's 2 and 3 previously annexed hereto as Exhibit 6.

In its December 14, 2018 Order, Magistrate Bray concludes that "Ms. Brading took screenshots of the texts on her phone before disposing of it". But Brading testified that she took screen shots of text messages with former employees and as such did not search for for text messages with others, *i.e.* Gomez and Sumner. See quoted testimony on p. 4 *infra*.

The Magistrate's error is compounded by its further finding that because Brading produced some communications with former workers, that she is immunized from (a) the failure to search for and produce her text messages with others besides former employees [RFP #3] and (b) the failure to produce the rest of the messages with the former employees [RFP #2].

The Magistrate held:

> The sanctions sought are available only under Fed. R. Civ. P. 37(e)(2) upon a showing that the party "acted with the intent to deprive another party of the information's use in the litigation." The evidence before the court does not establish that Lynn Brading disposed of her phone with the intent to deprive Plaintiff of the use of text messages on the phone. Ms. Brading took screen shots of the texts on her phone before disposing of it. Many of the texts she preserved are inculpatory, which suggests that she was attempting to comply with discovery obligations, not destroy evidence.

Order dated December 14, 2018 Dkt. No. 127

In this case, Brading is alleged to have *inter alia* been feeding confidential trade secrets with Perficient via Gomez, Sumner and others. Brading demonstrated that she was using text messages to escape detection. See one of the handful of messages that she retained before disposing of the phone, explaining that she is sending a "Ghost message". This message (which was marked as Exhibit 28 at the Brading Deposition) was handed up and discussed at the December 14, 2018 Hearing and is respectfully annexed hereto as **Exhibit 7**.

The two grounds upon which the Magistrate based his decision are clearly erroneous. (1) Brading testified she only took screenshots in response to RFP #2 before disposing of the phone and (2) the fact that a few sentences in the handful of texts produced support some of the Plaintiff's claims is not grounds to find that her admitted destruction of evidence was not intentional. Defendant will not dispute that the record evidence upon which the Magistrate relied for the finding that "many of the texts she preserved are inculpatory" consist of 3 messages, marked as Exhibits 28, 29 and 31. Exhibit 28 was annexed previously as Exhibit 7 and Exhibits 29 and 31 were filed collectively at Dkt. No. 62-1 and are respectfully annexed here as **Exhibits 8 and 9**. Exhibit 30 is not inculpatory but is discussed by Brading and is annexed hereto as **Exhibit 10**.

Even these few messages (annexed here as Exhibits 7-9) the only arguably "inculpatory" texts, are fractions of the messages making them useless or diluting their utility. The parties to those messages themselves testified that they could not determine their meaning because they were incomplete. Defendants' own witnesses testified that they could not provide a clear interpretation of the text messages that Brading produced without seeing the messages that came before and after them:

**Deposition Exhibit 31 (annexed hereto as Exhibit 9) Testimony from Mr. Price.**

Q: I'm going to show you a document marked as plaintiff's Exhibit 31. It's a series of text messages. It's marked Brading 40-44, Bates stamped at the bottom. Is that a text message exchange between you and Ms. Brading, and if so, what's the date?
A: The date looks like September 1st, and that's all I see.
Q: Do you remember having that text message conversation with Ms. Brading?
A: I do not recall, but it is a text message between Lynn Brading and me.
Q: Do you know the year?
A: I would assume 2015.
Q: And do you know why you would be texting the word Matt Kuckuck on September 1, 2015 to Ms. Brading?
A: I do not recall.
* * *
Q: Who's Matt Kuckuck?
A: He is a - -he is an employee of Six Dimensions.
Q: Currently?
A: No, he is not.
Q: But he was at the time?
A: He was.
Q: Why would you be sending his name to Lynn Brading?
A: I don't know the context.

Price Transcript 46:10- 48:18 (Dkt. 66-9)


**Deposition Exhibit 30 (annexed hereto as Exhibit 10)– Testimony from Ms. Brading:**

Q: This is another shot that you took and sent – and provided, Ms. Brading?
A: It is.
Q: What's the date of that?
A: Friday, June 12, at 1:15 p.m.
Q: Now, it seems to be portioned – like the others, it's a portion of a chat, right?
A: It appears to be that way, yes.
Q: All right. And does it have portions of it that are not contained in that document?
A: I can only assume.
Q: Do you know why you didn't provide the other portions of that conversation with that individual?
A: I don't – I have – I do not recall.
Brading Transcript 117:3-23 (Dkt. 66-10)

**Deposition Exhibit 31, annexed hereto as Exhibit 9 – Testimony from Ms. Brading**

Q: Is there a reason why you didn't provide the message before that first message we see on Exhibit 31?
A: I –
-objection-
A: I don't recall.

Brading Transcript 134:22 – 135:14 (Dkt. 66-10)


**Deposition Exhibit 29, annexed hereto as Exhibit 8 – Testimony from Mr. Price**

Q: This is exhibit 29. It's Brading 27, and it starts out with Cool, a message from you, I believe. Is that you in the light-colored: Cool, I'm with my son?
A: Yes.
Q: What are you responding to?
A: I have no recollection.

Price Transcript 172:20-173:1 (Dkt. 66-9)

It is not a question then of whether she withheld communications but how much she withheld, something that Plaintiff cannot answer due exclusively to the fact that Brading disposed of all of the evidence. "Courts recognize that "[t]he burden placed on the moving party to show that the lost evidence would have been favorable to it ought not be too onerous, lest the spoliator be permitted to profit from itsdestruction." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 616 (S.D. Tex.2010).

It prejudices Plaintiff's ability to prove its case with responses to RFP's 2 and 3 gone, particularly where as here it has been demonstrated that Brading was

9

using text messages to accomplish wrongful conduct. It also belies logic that Brading being obviously aware that she had this obligation to produce text messages and asking the court to delay that obligation, would innocently dispose of the very device that contained them during the exact month that she was applying for the Stay.

Defendant cannot deny that had she not disposed of the phone, that her search would have been directed to include not only communications with former employees but with anyone pursuant to RFP 3. Brading was successfully able to conceal whatever communications existed between her and Gomez, Sumner or others concerning the sharing of Plaintiff's trade secrets and solicitation.

> A severe sanction such as a default judgment or an adverse inference instruction requires bad faith and prejudice. *See Condrey v. SunTrust Bank of Ga.,* 431 F.3d 191, 203 (5th Cir.2005); *see also Whitt v. Stephens County,* 529 F.3d 278, 284 (5th Cir.2008) ("[A] jury may draw an adverse inference 'that party who *643 intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party.'" (quoting *Russell v. Univ. of Tex. of the Permian Basin,* 234 Fed.Appx. 195, 207 (5th Cir.2007) (unpublished))).[33]

*Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 642–43 (S.D.Tex.2010)

Plaintiff has the burden of proof at trial with respect to evidence relating to the sharing of trade secrets with the Defendant Perficient, Inc., the breach of the contract by Brading and the tortious interference counts. It is unfair and unjust that Plaintiff is prejudiced in its ability to prove its case, by the loss of this critical

evidence. "[D]efault judgment is appropriate only if the spoliation or destruction of evidence resulted in "irreparable prejudice" and no lesser sanction would suffice". *Rimkus Consulting Group, Inc. v. Cammarata*, supra at 643, <u>citing</u> *Silvestri v. General Motors Corp.*, 271 F.3d 583, 594 (4th Cir. 2001) ("not only was the evidence lost to General Motors, but the evidence that was preserved was incomplete and indefinite [resulting in] irreparable prejudice.")

It is respectfully asked that the court either strike the Brading Answer, preclude her from opposing Plaintiff's claim that she shared trade secrets/confidential information with Perficient, Inc. and solicited Plaintiff's workers and/or provide a Spoliation instruction. An award of attorney's fees for the motions that Plaintiff has filed is also just and proper. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 651 (S.D.Tex. 2010) (ordering "award of Rimkus's fees and costs in identifying and litigating the spoliation").

WHEREFORE, it is respectfully submitted that it would be just and proper fo this Court to strike Brading's Answer and/or impose the lesser sanctions requested.

Dated: December 20, 2018     Respectfully Submitted,

    __s/John P. Bostany_____
*Attorney-In-Charge for Plaintiff*
Southern District of Texas Bar No. 3074761
THE BOSTANY LAW FIRM, PLLC
3 World Financial Center- 24th Fl
New York, New York 10281
Tel: (212) 530-4400