IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIX DIMENSIONS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-17-2680 |
| PERFICIENT, INC., *and* LYNN M. BRADING, | § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court are Defendants' Motion for Summary Judgment and Memorandum of Law in Support (Document No. 102) and Plaintiff's Motion for Partial Summary Judgment (Document No. 104). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted in part and denied in part.

## I. BACKGROUND

This is a business dispute arising from a prior employment relationship between Plaintiff Six Dimensions, Inc., ("Six Dimensions") and Defendant Lynn M. Brading ("Brading"). On August 24, 2014, Six Dimensions hired Brading as a Corporate Partnership Manager under an employment agreement (the "2014 Agreement"). On June 18, 2015, Brading resigned her employment with Six

Dimensions to begin working for Defendant Perficient, Inc., ("Perficient"). At Brading's resignation, Brading and Six Dimensions entered into a termination agreement (the "2015 Agreement"). Following Brading's resignation, Six Dimensions alleges Brading misappropriated confidential information and solicited employees of Six Dimensions on behalf of and in cooperation with Perficient in violation of the 2014 Agreement and the 2015 Agreement. Six Dimensions further alleges Perficient unlawfully copied or caused copying of protected work and misappropriated confidential information of Six Dimensions.

Based on the foregoing, on September 5, 2017, Six Dimensions filed this lawsuit against Brading and Perficient (collectively, "Defendants"). Six Dimensions brings claims for tortious interference with contract, unfair competition, copyright infringement, tortious interference with prospective economic relations, breach of contract, unjust enrichment, and misappropriation of trade secrets. On October 30, 2018, Defendants moved for summary judgment. The same day, Six Dimensions moved for partial summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337,

343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Further, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kan. City S. R.R. Co.*, 185 F.3d 496, 505 (5th Cir. 1999)).

## III. LAW & ANALYSIS

Defendants and Six Dimensions file motions for summary judgment. The Court addresses in turn: (1) the parties' motions for summary judgment as to Six Dimensions's claim for breach of contract; (2) Defendants' motion for summary judgment as to Six Dimensions's claim for unfair competition under California's Unfair Competition Law (the "California UCL"); (3) Defendants' motion for summary judgment as to Six Dimensions's remaining claims; and (4) Six Dimensions's motion for summary judgment as to its claim for copyright infringement.

*A.    Breach of Contract*

Six Dimensions brings a claim for breach of contract under the 2014 Agreement and the 2015 Agreement. Defendants move for summary judgment as to the 2014 Agreement. Six Dimensions moves for summary judgment as to the 2014 Agreement and the 2015 Agreement. The elements of a claim for breach of contract are: (1) the existence of a contract; (2) performance by the plaintiff or a sufficient excuse for nonperformance; (3) breach of the contract by the defendant; and (4) resulting damages to the plaintiff. *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 579 (5th Cir. 2015) (quoting *Foley v. Daniel*, 346 S.W.3d 687, 690 (Tex. App.—El Paso 2009, no pet.)); *see also Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011). If a plaintiff satisfies the elements of a claim for breach of contract, the defendant may avoid liability by showing the contract is void and unenforceable. *TNT Crane & Rigging Inc. v. Atkinson*, No. 2:14-CV-265, 2015 WL 236643, at *3 (S.D. Tex. Jan. 16, 2015) (Ramos, J.); *see also* Cal. Bus. & Prof. Code § 16600. The Court addresses the 2014 Agreement and the 2015 Agreement in turn.

*1.    The 2014 Agreement*

Defendants and Six Dimensions move for summary judgment as to Six Dimensions's claim for breach of contract under the 2014 Agreement. Defendants contend California law governs and voids the allegedly-breached provisions of the 2014 Agreement. Six Dimensions contends Texas law governs, the allegedly-

breached provisions are not void, and Brading breached the 2014 Agreement. The 2014 Agreement provides "[t]he validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of California, without giving effect to the principles of conflict of laws" (the "Choice-of-Law Provision").[1] The Court addresses in turn: (1) whether California or Texas law governs the 2014 Agreement; (2) the effect of the governing law on the 2014 Agreement; and (3) the application of the governing law to the 2014 Agreement.

### i. Choice of Law

Defendants contend California law governs the 2014 Agreement in light of the Choice-of-Law Provision. Six Dimensions contends Texas law governs the 2014 Agreement. "In making a choice of law determination, a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state, here Texas." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004). Texas courts generally give effect to contractual choice-of-law provisions. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003) (citing *In re J.D. Edwards World Sols. Co.*, 87 S.W.3d 546, 549 (Tex. 2002)). Texas courts must enforce a contractual choice-of-law provision if the issue raised is "one which the parties could have resolved by an explicit provision in their agreement." *DeSantis v.*

---

[1] *Defendants' Motion for Summary Judgment and Memorandum of Law in Support*, Document No. 102, Exhibit A at 12 (*Confidential Information and Invention Assignment Agreement*) [hereinafter *The 2014 Agreement*].

*Wackenhut Corp.*, 793 S.W.2d 670, 677–78 (Tex. 1990) (quoting Restatement (Second) of Conflict of Laws § 187). It is undisputed the issue raised is not one the parties could have resolved by an explicit provision in the 2014 Agreement.

Where the issue raised is not one the parties could have resolved by an explicit provision in their agreement, the Court enforces a contractual choice-of-law provision unless: (1) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice"; or (2) "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015) (quoting Restatement (Second) of Conflict of Laws § 187). Under the second prong, the Court looks to whether "another state: (1) has a more significant relationship with the parties and the transaction at issue than the chosen state . . . ; (2) has a materially greater interest than the chosen state does in the enforceability of a given provision; and (3) has a fundamental policy that would be contravened by the application of the chosen state's law." *Id.* at 582. Whether another state has a more significant relationship with the parties and the transaction than the chosen state requires examination of: (1) the place of contracting; (2) the place of negotiation; (3) the place of

7

performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Id.* (quoting Restatement (Second) of Conflict of Laws § 188(2)). The party resisting application of a contractual choice-of-law provision bears the burden to show it does not apply. *Jimenez v. Sun Life Assurance Co. of Can.*, 486 F. App'x 398, 408 (5th Cir. 2012) (per curiam).

The Choice-of-Law Provision states California law governs the "validity, interpretation, construction and performance" of the 2014 Agreement.[2] The 2014 Agreement states Six Dimensions "is a California corporation, with a primary business address [o]f 2678 Bishop Drive, Suite 225, San Ramon, CA 94583[.]"[3] Defendants state the 2014 Agreement was signed in California by Six Dimensions's representative and in Ohio by Brading, an Ohio citizen. Six Dimensions's Vice President of Global Human Resources, Tandy Harris ("Harris"), testified when deposed that the 2014 Agreement contains the Choice-of-Law Provision because Six Dimensions was originally located in California.[4] Six Dimensions produces Harris's declaration, where Harris states Six Dimensions has been incorporated in Nevada

---

[2] *The 2014 Agreement, supra* note 1, at 12.

[3] *The 2014 Agreement, supra* note 1, at 9.

[4] *Defendants' Motion for Summary Judgment and Memorandum of Law in Support*, Document No. 102, Exhibit G at 4 (*Harris Deposition*).

since 2014 and headquartered in New York since 2013.[5] However, Six Dimensions does not cite to any evidence showing there is no reasonable basis for the Choice-of-Law Provision. Six Dimensions fails to produce evidence showing Texas was: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the 2014 Agreement; or (5) the domicile, residence, nationality, place of incorporation, or place of business of the parties. Nor does Six Dimensions show Texas has a materially greater interest than California or a fundamental policy that would be contravened by application of California law to the 2014 Agreement. Thus, the Court finds the Choice-of-Law Provision controls and California law governs the 2014 Agreement. The Court turns to the effect of California law on the 2014 Agreement.

  ii. *Effect of California Law*

Defendants contend California law voids the allegedly-breached provisions of the 2014 Agreement. Six Dimensions contends California law does not void the allegedly-breached provisions of the 2014 Agreement. Under California law, "every

---

[5] *Declaration of Tandy Harris*, Document No. 114, ¶ 2. Defendants object to Harris's declaration, contending it is inconsistent with Harris's prior deposition testimony. If a declaration supplements rather than contradicts prior deposition testimony, the Court may consider the declaration at the summary judgment stage. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 496 (5th Cir. 1996). Having reviewed Harris's deposition testimony and declaration, the Court finds Harris's declaration supplements rather than contradicts Harris's prior deposition testimony. Defendants' objections as to Harris's declaration are therefore overruled at this time.

contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600; *see also Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 288–91 (Cal. 2008). California employers may not prohibit former employees from hiring the employer's current employees. *Arthur J. Gallagher & Co. v. Lang*, No. C 14-0909 CW, 2014 WL 2195062, at *4 (N.D. Cal. May 23, 2014) (Wilken, J.). However, California employers may lawfully prohibit former employees from soliciting the employer's current employees. *Id.*; *see also Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013, 1031 (N.D. Cal. 2016) (Breyer, J.). Thus, where an employment contract contains both no-hire and no-solicitation provisions, the Court voids the no-hire provision and leaves the no-solicitation provision in effect. *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198 MHP, 2010 WL 546497, at *7 (N.D. Cal. Feb. 10, 2010) (Patel, J.).

The allegedly-breached provisions of the 2014 Agreement provide as follows:

> During the term of my Relationship with the Company and for a period of two (2) years after the termination of my Relationship for any reason (whether voluntary or involuntary), I will not, directly or indirectly, solicit, recruit or hire any employee or consultant of the Company to work for a third party other than the Company or assist any third party, person or entity to solicit, recruit, or hire any employee or consultant of the Company, or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the Company.[6]

---

[6] *The 2014 Agreement, supra* note 1, at 12.

It is undisputed the 2014 Agreement contains both no-hire and no-solicitation provisions. Under California law, the Court voids the no-hire provision and leaves the no-solicitation provision in effect. The Court turns to apply California law to the 2014 Agreement.

### iii. Application of California Law

Six Dimensions contends Brading breached the 2014 Agreement under California law. In the verified complaint, Six Dimensions alleges Brading solicited, or assisted Perficient to solicit, Six Dimensions employees during the two-year period after resigning from Six Dimensions, as prohibited by the 2014 Agreement.[7] Defendants do not dispute Brading solicited, or assisted Perficient to solicit, Six Dimensions employees during the two-year period after resigning from Six Dimensions. The Court finds it is undisputed Brading solicited, or assisted Perficient to solicit, Six Dimensions employees during the two-year period after resigning from Six Dimensions, as prohibited by the 2014 Agreement. Thus, the Court finds Six Dimensions is entitled to summary judgment as to its claim for breach of contract under the 2014 Agreement. Accordingly, Six Dimensions's motion for summary judgment is granted, and Defendants' motion for summary judgment is denied, as to Six Dimensions's claim for breach of contract under the 2014 Agreement.

---

[7] *Verified Amended Complaint*, Document No. 53, ¶¶ 26, 35, 46, 115–16.

## 2. *The 2015 Agreement*

Six Dimensions moves for summary judgment as to its claim for breach of contract under the 2015 Agreement, contending Brading breached the 2015 Agreement. Defendants do not respond to Six Dimensions's contentions as to the 2015 Agreement. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. In a diversity case involving contract interpretation, the Court applies the substantive law of the forum or the state chosen by the parties. *McLane Foodservice, Inc. v. Table Rock Rests., LLC*, 736 F.3d 375, 377 (5th Cir. 2013). The parties do not contend any substantive law other than Texas law governs the 2015 Agreement.[8] "Texas courts apply the Covenant Not to Compete Act [(the "CNCA")] to non-solicitation [provisions]." *Merritt Hawkins & Assocs., LLC v. Gresham*, 79 F. Supp. 3d 625, 639 (N.D. Tex. 2015) (Fitzwater, J.) (quoting *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 767 (Tex. 2011)). Under the CNCA, a non-solicitation provision is enforceable if it "contains limitations as to time, geographical area, and scope of activities to be restrained that are reasonable and do not impose a greater restraint on trade than is necessary to protect the good will or other business interest of the promisee." Tex. Bus. & Com. Code § 15.50(a).

---

[8] The Court declines to *sua sponte* raise a choice-of-law issue as to the 2015 Agreement. *See Kucel v. Heller*, 813 F.2d 67, 74 (5th Cir. 1987) (explaining party must "call the applicability of another state's law to the court's attention in time to be properly considered"); *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 412 (N.D. Tex. 2009) (Lynn, C.J.) (explaining the Court need not "analyze choice of law issues unless raised by the parties").

An agreement that spans between two and five years and precludes a former employee from soliciting current employees to terminate their employment is enforceable under the CNCA. *Gresham*, 79 F. Supp. 3d at 639–40.

The allegedly-breached provisions of the 2015 Agreement provide as follows:

> I further agree that for twenty-four (24) months from the date of this Certificate, I shall not either directly or indirectly solicit, induce, recruit or encourage any of the Company's employees or consultants to terminate their relationship with the Company, or attempt to solicit, induce, recruit, encourage or take away employees or consultants of the Company, either for myself or for any other person or entity.[9]

The 2015 Agreement's prohibition that spans twenty-four months and precludes Brading from soliciting current employees to terminate their employment is enforceable under the CNCA. In the verified complaint, Six Dimensions alleges Brading solicited Six Dimensions employees during the twenty-four month period after resigning from Six Dimensions, as prohibited by the 2015 Agreement.[10] Defendants do not dispute Brading solicited Six Dimensions employees during the twenty-four month period after resigning from Six Dimensions. The Court finds it is undisputed Brading solicited Six Dimensions employees during the twenty-four month period after resigning from Six Dimensions, as prohibited by the 2015 Agreement. Thus, the Court finds Six Dimensions is entitled to summary judgment

---

[9] *Plaintiff's Motion for Partial Summary Judgment*, Document No. 104, Exhibit E (*Termination Certification*).

[10] *Verified Amended Complaint*, Document No. 53, ¶¶ 26, 35, 46, 115–16.

as to its claim for breach of contract under the 2015 Agreement. Accordingly, Six Dimensions's motion for summary judgment is granted as to its claim for breach of contract under the 2015 Agreement.

*B.     Unfair Competition under the California UCL*

Defendants move for summary judgment as to Six Dimensions's claim for unfair competition under the California UCL, contending no misconduct or injury occurred in California. The California UCL does not apply "where none of the alleged misconduct or injuries occurred in California." *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1087 (N.D. Cal. 2014) (Conti, J.) (quoting *Churchill Vill., LLC v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) (Patel, J.)). Six Dimensions does not allege, or cite to any evidence showing, any misconduct or injuries occurred in California. The Court finds Six Dimensions fails to show misconduct or injuries occurred in California. Thus, the Court finds the California UCL does not apply. Accordingly, Defendants' motion for summary judgment is granted as to Six Dimensions's claim for unfair competition under the California UCL.

*C.     Defendants' Motion for Summary Judgment as to Six Dimensions's Remaining Claims*

Defendants move for summary judgment as to Six Dimensions's claims for tortious interference with contract, unfair competition, copyright infringement, tortious interference with prospective economic relations, unjust enrichment, and

misappropriation of trade secrets (the "Remaining Claims"). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied as to the Remaining Claims.

D.  *Six Dimensions's Motion for Summary Judgment as to its Claim for Copyright Infringement*

Six Dimensions moves for summary judgment as to its claim for copyright infringement. Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied as to Six Dimensions's claim for copyright infringement.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Motion for Summary Judgment and Memorandum of Law in Support (Document No. 102) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Six Dimensions's claim for unfair competition under California law. The motion is denied as to all other claims. The Court further

**ORDERS** that Plaintiff's Motion for Partial Summary Judgment (Document No. 104) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Six Dimensions's claim for breach of contract. The motion is denied as to Six Dimensions's claim for copyright infringement. The Court further

**ORDERS** that all objections to evidence contained in Defendants' Reply in Support of their Motion for Summary Judgment (Document No. 118) are **OVERRULED WITHOUT PREJUDICE** at this time.

SIGNED at Houston, Texas, on this **27** day of December, 2018.

DAVID HITTNER
United States District Judge