## MISAPPROPRIATION OF TRADE SECRETS

The ability of a competitor to obtain information about the particular training, skill sets, qualifications, customer assignment and job performance of Plaintiff's workers has substantial independent economic value.  Pricing, strategies, techniques, and methods for Plaintiff's servicing of its Adobe Experience clientele such as Medtronic, also has substantial independent economic value as a competitor's access to these trade secrets will allow the competitor to compete for the same and/or similar customers with the unfair advantage of knowing the what the competitor is offering, what the competitor is doing for the customer, at what price as well as how the competitor is doing it.  Same with the Extracted Workers.  It is alleged that Perficient had an unfair advantage by illicitly obtaining the skills sets, competence, salaries and placements of the Plaintiff's best workers in Adobe experience.

Six Dimensions further alleges that: the qualifications, performance, training and customer assignment of the Extracted Workers were not generally known and were part of a strategy, method and technique utilized by Plaintiff to service particular customer needs with the most project specific talent.

Six Dimensions claims that Defendant Perficient, Inc. misappropriated its trade secrets.

A "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that--

>   1.  derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by

proper means by, other persons who can obtain economic value from its disclosure or use; and

2. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

"Proper means" include discovery by independent development, use of publicly available information, reverse engineering, or any other means that is not improper "while a former employee may use the general knowledge, skill, and experience acquired during the employment relationship, he may not utilize confidential information or trade secrets acquired during the employment relationship."[1]

You may consider such things as specialized training to be outside the purview of general knowledge, and therefore a trade secret: ". . . [an] employer may develop training materials in house—invest significant time and resource in that endeavor and require those who develop it and those trained with it to sign acknowledgments that the materials are confidential and agreements not to disclose what they learned . . . [this] employer can likely protect the training materials as secret"[2]

You may also consider such things as databases for staffing, staffing and placement to be trade secrets because "companies . . . gain a competitive advantage through their knowledge of the market, including open positions and qualified and available candidates, and their ability to quickly match the two together."[3]

---

[1] *Anderson Chem. Co. v. Green*, 66 S.W.3d 434, 442 (Tex. App. 2001).
[2] *BCOWW Holdings, LLC v. Collins*, 2017 WL 3868184, at *14 (W.D. Tex. 2017).
[3] *AHS Staffing, LLC v. Quest Staffing Group, Inc.*, 2018 WL 3870067 at *3 (E.D. Tex. 2018) (internal citations omitted).

You are instructed to find that a trade secret is misappropriated when a person acquires the trade secret by breaching a confidential relationship or discovers the trade secret by *improper* means. To succeed on this claim, you must find the following by a preponderance of the evidence:

(1) A trade secret exists;
(2) Defendants acquired the trade secret(s) through a breach of a confidential relationship or discovered the trade secret(s) by improper means;
(3) Defendants used the trade secret without authorization from Six Dimensions; and
(4) Defendants' use of the trade secret caused damage to Six Dimensions or enhanced the Defendant's revenue.

For purposes of misappropriation, you are instructed to understand that improper means are standards of behavior that fall below the generally accepted standards of commercial morality and reasonable conduct.

"Improper means" include theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

You are also instructed to understand that a party breaches a confidential relationship where the person receiving a trade secret knew or had reason to know that the disclosure was intended to be in confidence, and the party disclosing the trade secret was reasonable in inferring that the person consented to an obligation of confidentiality.[4]

You may find a breach of confidentiality even where there is no explicit agreement: "[p]rotection is available even in the absence of an express agreement not to disclose materials; when a confidential relationship exists, the law will imply an agreement not to disclose trade secrets".[5]

---

[4] Jury Charge, *Merit Elec. Co., Ltd. v. Lilley*, No. 01-09-00841-CV, 2009 WL 3268471 (Tex. Dist. Aug. 28, 2009).
[5] *Derrick Petroleum Services v. PLS, Inc.*, 2017 WL 3456920, at *15 (S.D.Tex. 2017) (internal citations omitted).

You are instructed to find "use" of Six Dimensions' trade secret if there occurred any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to a Defendant. For example, marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, relying on the trade secret to assist or accelerate research or development, or soliciting customers through the use of information that is a trade secret all constitute use.

QUESTION \_\_\_\_\_

Did Plaintiff Six Dimensions, Inc. own a trade secret in the information listed below?

Answer "Yes" or "No."

    1.  Training Materials.

Answer \_\_\_\_\_

    2.  Methodology, Code, Project information, Pricing or Approach to Servicing of Medtronic and other clients.

Answer _____

    3.  The qualifications, competence, skill set, performance, training, salary, or customer assignments of Dan Klco

Defendants Position: For each of the former employees, the alleged trade secrets should be limited to their "skills, backgrounds, competence, and contact information" per the Verified Amended Complaint. [NOTE: This Comment applies to 3-9]

Answer: _____

4. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Ryan McCullough

Answer: _____

5. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Aaron Price

Answer: _____

6. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Matt Shields

Answer: _____

7. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Sothea Nim

Answer: _____

8. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Nick Whittenburg

Answer: _____

9.  The qualifications, competence, skill set, performance, training, salary, or customer assignments of Eddie Yao

Answer: _____

If you answered "Yes" for any part of Question ___ then answer the following question as to that part. Otherwise, do not answer the following question.

QUESTION _____

To find misappropriation of a trade secret, you must find that Defendant Perficient or Defendant Brading disclosed or used the trade secret without Plaintiff's express or implied consent, and that Defendant Perficient or Defendant Brading used improper means to acquire knowledge of the trade secret.

"Improper means" are theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

Did Defendant Perficient, Inc. misappropriate Plaintiff Six Dimensions' trade secrets?

Answer "Yes" or "No" for each trade secret.

1. Training Materials.

Answer _____

2. Methodology, Code, Project information, Pricing or Approach to Servicing of Medtronic and other clients.

Answer _____

3. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Dan Klco

For each of the former employees, the alleged trade secrets should be limited to their "skills, backgrounds, competence, and contact information" per the Verified Amended Complaint. [NOTE: This Comment applies to 3-9]

Answer: _____

4. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Ryan McCullough

Answer: _____

5. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Aaron Price

Answer: _____

6. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Matt Shields

Answer: _____

7. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Sothea Nim

Answer: _____

8. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Nick Whittenburg

Answer: _____

9. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Eddie Yao

Answer: _____

Did Defendant Brading misappropriate Plaintiff Six Dimensions' trade secrets? Answer "Yes" or "No" for each trade secret.

1. Training Materials.

Answer _____

2. Methodology, Code, Project information, Pricing or Approach to Servicing of Medtronic and other clients.

Answer _____

3. The qualifications, competence, skill set, performance, training, salary, or customer assignments of **Dan Klco**

==For each of the former employees, the alleged trade secrets should be limited to their "skills, backgrounds, competence, and contact information" per the Verified Amended Complaint. [NOTE: This Comment applies to 3-9]==

Answer: _____

4. The qualifications, competence, skill set, performance, training, salary, or customer assignments of **Ryan McCullough**

Answer: _____

5. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Aaron Price

Answer: _____

6. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Matt Shields

Answer: _____

7. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Sothea Nim

Answer: _____

8. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Nick Whittenburg

Answer: _____

9. The qualifications, competence, skill set, performance, training, salary, or customer assignments of Eddie Yao

Answer: _____

If you answered "Yes" for any part of Question \_\_then answer the following question as to that part. Otherwise, do not answer the following question.

QUESTION\_\_\_\_\_

What sum of money, if paid now in cash, would fairly and reasonably compensate Six Dimensions for its damages, if any, resulting from Defendants' misappropriation of Six Dimensions' trade secrets?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. To be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence, and the Court's instructions.

It is not necessary to determine the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.[6]

In answering questions about damages, answer each question separately. Do not increase or

---

[6] Fifth Circuit Pattern Jury Instructions (Civil Cases) (2016) 15.2.

reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what a party's ultimate recovery may or may not be. Six Dimensions' overall recovery, if any, will be determined by the court when it applies the law to your answers at the time of judgment.[7]

Remedies for misappropriation of trade secrets include:

(1) Disgorgement of the Defendants' gain from using Six Dimensions' trade secrets;
(2) Recovery of Six Dimensions' lost profits.
(3) Unjust Enrichment to Perficient, Inc.

1. Disgorgement

The law does not allow a person to profit by wrongdoing at the expense of another.[8] "Disgorgement" is the act of giving up something, such as profits illegally obtained.[9] "Disgorgement" refers to the gain that Defendants received as a result of their unlawful conduct. It includes money that the Defendants made by using Six Dimensions' trade secrets. It also includes costs that Defendants avoided by taking a "shortcut" using Six Dimensions' information. You may also hear this measure of damages referred to as "unjust enrichment."

2. Lost profits[10]

"Lost profits" are the damages for the loss of net income to a business. "Profits" means the difference between a business's total receipts and the expenses incurred in carrying on the business. Lost profits need not be proven by a precise calculation but must be proven by reasonable certainty. Lost profits are not recoverable if they are dependent upon uncertain or changing market conditions, chancy business opportunities, promotion of untested products or

---

[7] Texas Pattern Jury Charge 115.3.
[8] Restatement (Third) of Restitution and Unjust Enrichment §§ 1, 3 (2011).
[9] Black's Law Dictionary 501 (8th ed. 2004).
[10] *Am. Hat Co. v. Wise Elec. Co-op., Inc.*, 02-09-00368-CV, 2010 WL 4028098, at *5 (Tex. App.—Fort Worth Oct. 14, 2010, pet. denied); *Adkins Adjustment Serv., Inc. v. Blumhof*, CIV.A.3:98-CV-2789-H, 2001 WL 484436, at *1 (N.D. Tex. May 2, 2001).

entry into unknown or unviable markets, or on the success of a new and unproven enterprise.

In determining the amount of damages, if any, to be awarded to Six Dimensions for Defendants' misappropriation of Six Dimensions' trade secrets consider the following    Plaintiff's actual loss – Plaintiff's lost profits proximately caused by the misappropriation.

    Defendant's unjust enrichment - Profits that Defendant earned from the misappropriation.

    Answer in dollars and cents for each Defendant as to whom your answer was "Yes" under Question No. ___:

    a.    Perficient, Inc.   $ _____

    b.    Lynn Brading   $ _____

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

# EXEMPLARY DAMAGES

**B.) Exemplary Damages—Misappropriation of Trade Secrets[11]**

Six Dimensions seeks exemplary damages for Defendants' tortious interference with contract.

"Exemplary damages" means an amount that you may, in your discretion, award to the Plaintiff as a penalty or by way of punishment.

You are instructed that in order to find exemplary damages, the claimant must prove by clear and convincing evidence (i.e., proof that will give you a firm conviction as to the truth of the allegations[12]) that the harm with respect to which the claimant seeks recovery of exemplary damages results from:

(1) fraud;
(2) malice; or
(3) gross negligence.[13]

You are instructed to consider the following regarding a finding of fraud, malice or gross negligence:

Fraud. To find fraud, it is sufficient to find that there has been a breach of fiduciary duty[14] or material misrepresentation.[15] A statement is material if a reasonable person would attach importance to it and would be induced to act on the information in determining his choice of actions in the transaction in question.[16]

---

[11] Texas Pattern Jury Charge 115.37, 105.2.
[12] *In re Barnes*, 369 B.R. 298, 310 (Bankr. W.D. Tex. 2007).
[13] Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a).
[14] *Home Comfortable Supplies, Inc. v. Cooper*, 544 S.W.3d 899, 907 (Tex. App. 2018).
[15] *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).
[16] *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

<u>Malice</u>. To find malice, it is sufficient to find that there is "specific intent . . . to cause substantial injury or harm" which may be proven by circumstantial evidence.[17]

<u>Gross Negligence</u>. To find gross negligence, it is sufficient to find that the Defendants acted with conscious indifference to the contractual rights of the Plaintiff and were aware that they acted in a way that would cause the Plaintiff harm, despite the acts involving an extreme degree of risk (considering the probability and magnitude of the potential harm to others), of which the Defendants had actual, subjective awareness.[18]

Six Dimensions seeks exemplary damages for Defendant's misappropriation of trade secrets.

Answer the following question only if you unanimously answered "Yes" to Question _____ [liability questions on Misappropriation of Trade Secrets]. Otherwise, do not answer the following question.

_____ Do you find by clear and convincing evidence that the harm to Plaintiff caused by Defendant's misappropriation of trade secrets resulted from fraud, malice, or gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction as to the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial injury or

---

[17] *Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd.*, 290 F. App'x 727, 740 (5th Cir. 2008).
[18] *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010).

harm to Plaintiff.

"Gross Negligence" means an act or omission by Defendant:

1. Which, when viewed objectively from the standpoint of Defendant at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. Of which Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Your answer to this question must be unanimous.

ANSWER: _____


Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

**QUESTION ON THE AMOUNT OF EXEMPLARY DAMAGES**

Answer the following question only if you unanimously answered "Yes" to Question _____ [predicate question on Exemplary Damages]. Otherwise, do not answer the following question.

You must unanimously agree on the amount of any award of exemplary damages.

QUESTION _____

What sum of money, if any, if paid now in cash, should be assessed against Defendant Perficient, Inc. and awarded to Plaintiff Six Dimensions exemplary damages, if any, for the conduct found in response to Question _____ [liability questions on Misappropriation of Trade Secrets]?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are--

1. The nature of the wrong.

2. The character of the conduct involved.

3. The degree of culpability of Defendant.

4. The situation and sensibilities of the parties concerned.

5. The extent to which such conduct offends a public sense of justice and propriety.

       6. The net worth of Defendant.

Answer in dollars and cents, if any.

Answer: _____