UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIX DIMENSIONS, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 4:17-CV-02680 |
| | § | |
| PERFICIENT, INC. *and* LYNN | § | |
| BRADING, | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

1

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

A corporation can only act through natural persons such as its officers, employees, borrowed employees, or agents. The acts or omissions of an officer, employee, borrowed employee, or agent of a corporation that occur in the course of their work for the corporation are the acts or omissions of the corporation itself.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion

and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you may, but are not required to, talk with anyone about the case unless the court orders otherwise.

# DEFINITIONS

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that—

1. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

2. is the subject of reasonable measures by the owner under the circumstances to maintain its secrecy.

"Proper means" are discovery by independent development or any other means that is not improper.

"Improper means" include theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

"Own" means to have rightful, legal, or equitable title to, or the right to enforce rights in, a trade secret.

## QUESTION NO. 1:

Did Six Dimensions, Inc. own a trade secret in the information listed below?

Answer "Yes" or "No" for each alleged trade secret.

The training modules/materials

Answer: _Yes_

Six Dimensions Inc.'s performance evaluations of employees

Answer: _No_

Critical employee list

Answer: _No_

Customer pricing and project information

Answer: _Yes_

If your answer to any part of Question No. 1 is "Yes," then answer Question No. 2, as to each sub-part you have answered yes in Question No. 1.  Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

Did Perficient Inc. misappropriate Six Dimension Inc.'s trade secrets?

To find misappropriation of a trade secret, you must find that Perficient Inc.—

a.  Acquired the trade secret, and that Perficient Inc. knew or had reason to know that the trade secret was acquired by improper means; or

b.  Disclosed or used the trade secret without Six Dimensions Inc.'s express or implied consent, and that Perficient Inc. used improper means to acquire knowledge of the trade secret; or

c.  Disclosed or used the trade secret without Six Dimensions Inc.'s express or implied consent, and that Perficient Inc., at the time of the disclosure or use, knew or had reason to know that its knowledge of the trade secret was derived from or through a person who had used improper means to acquire it; or

d.  Disclosed or used the trade secret without Six Dimensions Inc.'s express or implied consent, and that Perficient Inc., at the time of the disclosure or use, knew or had reason to know that its

knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

e. Disclosed or used the trade secret without Six Dimensions Inc.'s express or implied consent, and that Perficient Inc., at the time of the disclosure or use, knew or had reason to know that its knowledge of the trade secret was derived from or through a person who owed a duty to Six Dimensions to maintain its secrecy or limit its use; or

f. Disclosed or used the trade secret without Six Dimensions Inc.'s express or implied consent, and that Perficient Inc. knew or had reason to know, before a material change of *its* position, that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

An employee may use general knowledge, skills, and experience obtained through previous employment to compete with the former employer. A former employee, however, may not use confidential or proprietary information acquired during the employment relationship in a manner adverse to his *or her* former employer.

Use of the trade secret means commercial use by which the offending party seeks to profit from the use of the secret.

"Improper means" include theft; bribery; misrepresentation; breach or inducement of a breach of a duty to maintain secrecy, to limit use, or to prohibit discovery of a trade secret; or espionage through electronic or other means.

Answer "Yes" or "No" for each trade secret that you have found in Question No. 1.

The training modules/materials

Answer: ___No.___

Six Dimensions Inc.'s performance evaluations of employees

Answer: ___n/a___

Critical employee list

Answer: ___n/a.___

Customer pricing and project information.

Answer: ___No.___

If your answer to any part of Question No. 2 is "Yes," then answer Question No. 3. Otherwise, do not answer Question No. 3.

## QUESTION 3:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Six Dimensions Inc. for its damages, if any, that were proximately caused by such misappropriation?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him or her would have foreseen that the event, or similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Do not include in your answer any amount that you find Six Dimensions Inc. could have avoided by the exercise of reasonable care.

Answer separately in dollars and cents for damages, if any.

Profits that Perficient Inc. earned as a result of the misappropriation.

Answer: _____


Six Dimensions Inc.'s lost profits that are the natural, probable, and foreseeable consequence of the misappropriation.

Answer: _____

If your answer to any part of question in section of Question No. 2 is "Yes," then answer Question No. 4.  Otherwise, do not answer Question No. 4.

## QUESTION 4:

Do you find by clear and convincing evidence that the harm to Six Dimensions Inc. resulted from the willful and malicious misappropriation by Perficient Inc.?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Willful and malicious misappropriation" means intentional misappropriation resulting from the conscious disregard of the rights of the owner of the trade secret.

You are further instructed that Perficient Inc. may be found to have acted willfully and maliciously because of the act of a person, if but only if –

(1) Perficient Inc. authorized the doing and the manner of the act, or

(2) The employee was unfit and Perficient Inc. was reckless in employing him or her, or

(3) The employee was employed as a vice-principal and was acting in the scope of employment, or

(4) Perficient or a vice-principal of Perficient Inc. ratified or approved the act.

A person is a "vice-principal" if—

(1)    that person is a corporate officer; or

(2)    that person has authority to employ, direct, and discharge an employee of Perficient Inc.; or

(3)    that person is engaged in the performance of nondelegable or absolute duties of Perficient Inc.; or

(4)    Perficient Inc. has confided to that person the management of the whole or a department or division of the business of Perficient Inc.


Answer "Yes" or "No."

Answer: _____

Answer the following question only if you answered "Yes" to Question 4. Otherwise, do not answer the following question.

## QUESTION 5:

What sum of money, if any, if paid now in cash, should be assessed against Perficient Inc. and awarded to Six Dimensions Inc. as exemplary damages, if any, for the conduct found in response to Question 4?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

1.    The nature of the wrong.

2.    The character of the conduct involved.

3.    The degree of culpability of Perficient Inc.

4.    The situation and sensibilities of the parties concerned.

5.    The extent to which such conduct offends a public sense of justice and propriety.

6.    The net worth of Perficient Inc.


Answer in dollars and cents, if any.

Answer: _____

**QUESTION 6:**

Was Perficient Inc. unjustly enriched due to fraud or the taking of undue advantage, or did Perficient Inc. retain a benefit against the fundamental principles of justice, equity, and good conscience?

Unjust enrichment occurs when the defendant wrongfully secures a benefit or passively receives a benefit which would be unconscionable to retain.

Fraud means a material misrepresentation that was either known to be false when made or was asserted without knowledge of its truth, was intended to be acted upon, was relied upon, and caused injury.

Answer "Yes" or "No."

Answer: ___No___

If your answer to Question 6 is "Yes," then answer Question 7. Otherwise, do not answer the following question.

## QUESTION 7

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Six Dimensions Inc. for its damages, if any, that were proximately caused by such unjust enrichment?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him or her would have foreseen that the event, or similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.


Profits that Perficient Inc. earned as a result of the unjust enrichment.

Answer: _____

## QUESTION 8:

You are instructed that the Court has found that Lynn Brading has breached her contract with Six Dimensions Inc. by soliciting Six Dimensions Inc.'s employees during the 24-month period after she resigned from Six Dimensions Inc.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Six Dimension Inc. for its damages, if any, that were proximately caused by Lynn Brading's breach of her contractual obligation not to solicit Six Dimension, Inc.'s employees?

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

Six Dimensions Inc.'s lost profits that are the natural, probable, and foreseeable consequence of the breach of contract.

Answer: ___$ 287,702 ._____

## __CERTIFICATE__

We, the jury, have answered the above and foregoing questions as indicated

herein, and herewith return same into Court as our unanimous verdict.

6-14-19
_____
Date