United States District Court
Southern District of Texas
**ENTERED**
November 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIX DIMENSIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-17-2680 |
| | § | |
| PERFICIENT, INC., *and* LYNN M. BRADING, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Plaintiff Six Dimensions Inc.'s Motion for Attorney Fees, Reasonable Costs, and Prejudgment Interest (Document No. 231), Defendant Lynn Brading's Objections to Plaintiff's Bill of Costs (Document No. 235), and Defendant Lynn Brading's Motion for Stay of Execution of Judgment Pending Resolution of Post-Trial Issues (Document No. 241). Having considered the motions, submissions, and applicable law, the Court determines the motion for attorney fees, costs, and interest should be granted in part, denied in part, and denied without prejudice in part, the objections to costs should be sustained in part and overruled as moot in part, and the motion to stay should be denied as moot.

### I. BACKGROUND

This is a business dispute arising from a prior employment relationship between Plaintiff Six Dimensions Inc. ("Six Dimensions") and Defendant Lynn M.

Brading ("Brading"). On August 24, 2014, Six Dimensions hired Brading as a Corporate Partnership Manager under an employment agreement (the "2014 Agreement"). On June 18, 2015, Brading resigned her employment with Six Dimensions to begin working for Defendant Perficient, Inc., ("Perficient"). At Brading's resignation, Brading and Six Dimensions entered into a termination agreement (the "2015 Agreement"). Following Brading's resignation, Six Dimensions alleges Brading misappropriated confidential information and solicited employees of Six Dimensions on behalf of and in cooperation with Perficient in violation of the 2014 Agreement and the 2015 Agreement. Six Dimensions further alleges Perficient unlawfully copied or caused copying of protected work and misappropriated confidential information of Six Dimensions.

Based on the foregoing, on September 5, 2017, Six Dimensions filed this lawsuit against Brading and Perficient (collectively, "Defendants"). Six Dimensions brings claims for tortious interference with contract, unfair competition, copyright infringement, tortious interference with prospective economic relations, breach of contract, unjust enrichment, and misappropriation of trade secrets. On June 10, 2019, a jury trial commenced. On June 14, 2019, the jury returned a verdict. The jury found Six Dimensions was entitled to $287,702.00 as to the claim for breach of contract and further found Defendants were not liable as to the remaining claims. On June 28, 2019, Six Dimensions moved for attorney fees, costs, and prejudgment and post-

judgment interest. On July 3, 2019, Brading objected to Six Dimensions's bill of costs. On July 15, 2019, Brading moved to stay execution of the final judgment.

## II. LAW & ANALYSIS

The Court addresses in turn: (1) Six Dimensions's motion for attorney fees, costs, and prejudgment and post-judgment interest; (2) Brading's objections to Six Dimensions's bill of costs; and (3) Brading's motion to stay execution of the final judgment.

A.   *Six Dimensions's Motion for Attorney Fees, Costs, & Interest*

Six Dimensions moves for attorney fees, costs, and prejudgment and post-judgment interest. The Court addresses each basis of Six Dimensions's motion in turn.

1.   *Attorney Fees*

Six Dimensions moves for an award of attorney fees. In a case where an appeal on the merits is taken, the Court may defer ruling on a motion for attorney fees or deny the motion without prejudice until after the appeal is resolved. Fed. R. Civ. P. 54 advisory committee notes to 1993 amendment. On June 14, 2019, the Court issued the Final Judgment (the "Final Judgment").[1] On July 15, 2019, Defendants appealed to the United States Court of Appeals for the Fifth Circuit. On

---

[1] *Final Judgment*, Document No. 225.

3

August 12, 2019, Six Dimensions appealed to the United States Court of Appeals for the Fifth Circuit. This case is currently on appeal. For purposes of efficiency, the Court therefore finds it is appropriate to deny the application for attorney fees without prejudice until the resolution of this case on appeal. *See Rios v. Blackwelder*, Civil A. No. H-13-3457, 2016 WL 8794467, slip op. at *1 (S.D. Tex. Apr. 27, 2016) (Atlas, J.) (denying without prejudice motion for attorney fees "for purposes of efficiency" where case is on appeal). Accordingly, Six Dimensions's motion for attorney fees is denied without prejudice subject to being refiled within fourteen days after the appeal in this case is resolved.

2. *Costs*

Six Dimensions moves for $39,589.81 in costs, comprised of $3,068.61 in attorney travel expenses and $36,521.20 in expert witness expenses. Brading contends Six Dimensions is not entitled to costs. In diversity cases, federal law governs the award of costs. *Carter v. Gen. Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court presumes "that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Although the prevailing party is *prima facie* entitled to recover costs, when costs are contested, the recovering party bears the burden of proving the costs were necessarily incurred

4

in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991). Whether costs were necessarily incurred in the case is a question of fact committed to the discretion of the Court. *Id.*

28 U.S.C. § 1821 and § 1920 govern the Court's analysis as to taxable costs. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). The only costs that may be recovered on behalf of an expert witness are the "the standard witness per diem and travel allowances." *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 404 (5th Cir. 2002) (citing 28 U.S.C. § 1821). The standard witness per diem is $40.00 per day for attendance at qualifying court-related proceedings. 28 U.S.C. § 1821(a)(2). In addition, § 1920 does not authorize recovery of attorney travel costs. *See Quanta Services, Inc. v. Am. Admin. Group, Inc.*, Civil A. No. H-06-1827, 2008 WL 11394368, at *5 n.5 (S.D. Tex. Mar. 20, 2008) (Hittner, J.) (citing *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997) (Boyle, J.)).

Six Dimensions seeks expert witness costs for expert services that include, *inter alia*, "review and analysis of the expert report" and "preparation of demonstratives to be used at trial."[2] Six Dimensions does not produce evidence

---

[2] *Plaintiff Six Dimensions Inc.'s Motion for Attorney Fees, Reasonable Costs, and Prejudgment Interest*, Document No. 231, Exhibit 1 at 47 (*Invoices*).

showing it seeks expert witness costs for the standard witness per diem or travel allowances. Further, Six Dimensions is not entitled to recover attorney travel costs. The Court finds Six Dimensions fails to show it is entitled to recover expert witness costs and attorney travel costs. Accordingly, Six Dimensions's motion for expert witness costs and attorney travel costs is denied.

    3.    *Prejudgment and Post-Judgment Interest*

Six Dimensions moves for prejudgment and post-judgment interest. The Court addresses each in turn.

    i.    *Prejudgment Interest*

Six Dimensions moves for prejudgment interest. Recovery of prejudgment interest is a "substantive question controlled by state law." *Allied World Ins. Co. v. Am. W. Steel, LLC*, Civil A. No. H-17-3608, 2018 WL 6602153, at *5 (S.D. Tex. Dec. 17, 2018) (Miller, J.) (quoting *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n.2 (5th Cir. 1987)). "A prevailing plaintiff in a contract case governed by Texas law is entitled to an award of prejudgment interest 'in all but exceptional circumstances.' " *Id.* (quoting *Am. Int'l Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987)). "In the absence of a statutory right to prejudgment interest, Texas law allows for an award of equitable prejudgment interest[.]" *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010). "Under this standard, an equitable award of prejudgment interest should be granted to a prevailing plaintiff

6

in all but exceptional circumstances." *Id.* Prejudgment interest, including equitable prejudgment interest, is calculated under the Texas Finance Code. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 414–15 (5th Cir. 2011). Prejudgment interest accrues as simple interest on the amount of a judgment, beginning on the earlier of the 180th day after written notice of the claim or the date suit is filed and ending on the day preceding the date judgment is rendered, at the prime rate or 5% a year if the prime rate is less than 5%.[3] *Id.*; Tex. Fin. Code §§ 304.003(c), 304.103, 304.104.

On October 27, 2015, Six Dimensions sued Brading for breach of contract in the United States District Court for the Southern District of New York (the "New York Suit"). The New York Suit serves as written notice of the claim. The 180th day after October 27, 2015, is April 24, 2016. The Court finds there are no exceptional circumstances that would justify not awarding prejudgment interest. Therefore, prejudgment interest is to accrue as simple interest at a rate of 5% on the amount of the judgment, beginning on April 24, 2016, and ending on June 13, 2019. Accordingly, Six Dimensions's motion for prejudgment interest is granted.

    ii.    *Post-judgment Interest*

Six Dimensions moves for post-judgment interest. Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district

---

[3] Six Dimensions specifically requests a prejudgment interest rate of 5%. *Plaintiff Six Dimensions Inc.'s Motion for Attorney Fees, Reasonable Costs, and Prejudgment Interest*, Document No. 231 at 14–15.

court." 28 U.S.C. § 1961(a). Further, 28 U.S.C. § 1961 details which rate to use and states that "[t]he Director of the Administrative Office of the United States Courts shall distribute notice of that rate." *Id.* "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." *Id.* § 1961(b). An award of post-judgment interest is not discretionary. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). This is a civil case in federal district court. Post-judgment interest shall therefore be awarded under 28 U.S.C. § 1961(a). The post-judgment interest rate on the date of the judgment, as calculated by the United States Courts under 28 U.S.C. § 1961, is 2.02%.[4] Post-judgment interest shall accrue at a rate of 2.02% on the amount of the judgment, beginning on June 14, 2019, and ending on the date the judgment is paid. Accordingly, Six Dimensions's motion for post-judgment interest is granted.

B.  *Brading's Objections to Six Dimensions's Bill of Costs*

Brading objects to Six Dimensions's bill of costs. Under Federal Rule of Civil Procedure 54, "[t]he clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."[5] Fed. R. Civ. P. 54(d)(1).

---

[4] *Post-Judgment Interest Rates - 2019, U.S. District & Bankr. Cts., S. District Tex.*, http://www.txs.uscourts.gov/page/post-judgment-interest-rates-2019.

[5] On July 15, 2019, the Clerk taxed Six Dimensions's bill of costs in the amount of $20,032.92. On July 22, 2019, Brading moved for the Court to review the Clerk's action. *Defendant Lynn Brading's Motion for Court to Review Clerk's Taxing of Costs in Favor of Plaintiff and Against Defendant Lynn Brading*, Document No. 244.

Although the prevailing party is *prima facie* entitled to recover costs, when costs are contested, the recovering party bears the burden of proving the costs were necessarily incurred in the case. *Fogleman*, 920 F.2d at 285–86. Six Dimensions requests the following costs[6]:

| Item | Amount |
|---|---:|
| Fees and disbursements for printing | $25.00 |
| Fees of the Clerk | $400.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $19,607.92 |
| **TOTAL** | **$20,032.92** |

Brading does not object to the $25.00 of fees and disbursements for printing or the $400.00 fees of the Clerk. However, Brading does object to the $19,607.92 of fees for printed or electronically recorded transcripts, taking issue with the following items: (1) the deposition transcript of Michael Zucker ("Zucker"); (2) video depositions; (3) calculation of the total amount of costs; and (4) late charges. The Court considers each objection in turn.

1. *Deposition Transcript of Zucker*

Brading contends the requested cost of the deposition transcript of Zucker is not recoverable. "A judge or clerk of any court of the United States may tax as costs the . . . [f]ees for printed or electronically recorded transcripts necessarily obtained

---

[6] *Bill of Costs*, Document No. 232 at 1.

9

for use in the case." 28 U.S.C. § 1920(2). Whether a deposition transcript was necessarily obtained for use in the case is a question of fact, and the Court has "great latitude in [making] this determination." *Fogleman*, 920 F.2d at 285–86. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* Factors generally indicating that a deposition was reasonably expected to be used for trial preparation include whether: (1) the objecting party requested the deposition; (2) either party designated the deposition for use at trial; and (3) the deposition was actually used at trial. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam). However, a party need not introduce a deposition "into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (citing *Fogleman*, 920 F.2d at 285).

Six Dimensions does not show which party requested Zucker's deposition. Neither Six Dimensions nor Brading designated the deposition of Zucker for use at trial. Neither Six Dimensions nor Brading called Zucker to testify at trial. The Court finds Six Dimensions fails to meet its burden to show that at the time of Zucker's deposition, the transcript could have reasonably been expected to be used for trial or trial preparation. Accordingly, the Court sustains Brading's objection as to Zucker's deposition transcript and deducts $450.00 from the taxed costs.

### 2. *Video Depositions*

Brading contends the requested costs of video depositions are not recoverable. A prevailing party may recover the costs of "electronically recorded transcripts," 28 U.S.C. § 1920(2), which includes video depositions. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 131 (5th Cir. 2015). The prevailing party must show the video depositions were necessarily obtained for use in the case. *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) (Lake, J.). Six Dimensions does not offer a reason as to why the video depositions were necessary. Further, Six Dimensions did not use the video depositions at trial. The Court finds Six Dimensions fails to show the video depositions were necessarily obtained for use in the case. Accordingly, the Court sustains Brading's objection as to video depositions and deducts $3,600.25 from the taxed costs.[7]

### 3. *Calculation of Total Amount of Costs*

Brading contends Six Dimensions incorrectly calculates the total amount of costs. Brading shows the invoices attached to Six Dimensions's bill of costs total $17,282.04, not $19,607.42.[8] While Six Dimensions requests $19,607.92, Six

---

[7] The Court notes Brading further contends Six Dimensions should not recover the cost of the video deposition of Ryan McCullough, stating that deposition was never videoed. In light of the Court's finding that Six Dimensions is not entitled to recover any of the costs of video depositions, this contention is denied as moot.

[8] *Defendant Lynn Brading's Objections to Plaintiff's Bill of Costs*, Document No. 235 at 2.

11

Dimensions produces insufficient evidence to support that amount.[9] Accordingly, the Court sustains Brading's objection as to the calculation of costs and deducts $2,325.88 from the taxed costs.

4.   *Late Charges*

Brading contends the requested $2,254.19 of late charges are not recoverable. Six Dimensions does not offer a reason as to why the late charges were necessary. The Court finds Six Dimensions fails to show the late charges were necessarily incurred in the case. Accordingly, the Court sustains Brading's objection as to late charges and deducts $2,254.19 from the taxed costs.

C.   *Brading's Motion to Stay Execution of the Final Judgment*

Brading moves to stay execution of the final judgment pending resolution of post-trial issues. In light of this Order, all post-trial issues have been resolved. Therefore, the Court finds Brading's motion to stay execution of the final judgment is moot. Accordingly, Brading's motion to stay execution of the final judgment is denied as moot.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff Six Dimensions Inc.'s Motion for Attorney Fees, Reasonable Costs, and Prejudgment Interest (Document No. 231) is **GRANTED IN**

---

[9] *Bill of Costs*, Document No. 232 at 1.

**PART, DENIED IN PART,** and **DENIED WITHOUT PREJUDICE IN PART**. The motion is granted as to: (1) prejudgment interest at a rate of 5% on the amount of judgment, beginning on April 24, 2016, and ending on June 13, 2019; and (2) post-judgment interest at a rate of 2.02% from June 14, 2019, until the date the judgment is paid. The motion is denied as to attorney travel costs and expert costs. The motion is denied without prejudice as to attorney fees, subject to being refiled within fourteen days after the appeal in this case is resolved. The Court further

**ORDERS** that Defendant Lynn Brading's Objections to Plaintiff's Bill of Costs (Document No. 235) are **SUSTAINED IN PART** and **OVERRULED AS MOOT IN PART**. The objections are sustained as to: (1) the deposition transcript of Zucker; (2) video depositions; (3) calculation of the total amount of costs; and (4) late charges. The objection as to the video deposition of Ryan McCullough is overruled as moot. The Court reduces Six Dimensions's award of costs as follows:

| Item | Amount |
|---|---:|
| Fees and disbursements for printing | $25.00 |
| Fees of the Clerk | $400.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $10,977.60 |
| **TOTAL** | **$11,402.60** |

The Court further

**ORDERS** that Defendant Lynn Brading's Motion for Stay of Execution of Judgment Pending Resolution of Post-Trial Issues (Document No. 241) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this __5__ day of November, 2019.

DAVID HITTNER
United States District Judge